# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF<br><br>v.<br><br>$3,958,060.84 UNITED STATES CURRENCY<br>AND THE APPROXIMATE AMOUNT<br>THEREOF,<br>    DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil No. 5:22-CV-05026 |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by its attorneys, David Clay Fowlkes, United States Attorney for the Western District of Arkansas, and the undersigned Assistant United States Attorney, brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit property to the United States for violations of Title 18, United States Code, Section 1343, and as such is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C).

## THE DEFENDANT IN REM

2. The Defendant Property is $3,958,060.84 in United States currency and the approximate amount thereof, seized from U.S. Bank National Association account in the name of Walmart Inc. and ending in 5431, on November 30, 2021, which is presently in the custody of the United States Secret Service.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over an action commenced by the United States under Title 28, United States Code, Section 1345, and over an action for forfeiture under Title 28, United States Code, Sections, 1355(a), 1355(b)(1)(A) & (B) and 1395(a). This Court also has jurisdiction over this particular action under Title 18, United States Code, Section 981.

4. This Court has *in rem* jurisdiction over the Defendant Property:

a) pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and

b) pursuant to Title 28, United States Code, Section 1355(b)(1)(B), incorporating Title 28, United States Code, Section 1395, because the action occurred in this district.

5. Venue is proper in this district:

a) pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and

b) pursuant to Title 28, United States Code, Section 1395, because the action accrued in this district.

## BASIS FOR FORFEITURE

6. The Defendant Property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), because it constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343 (wire fraud).

7.  "A civil forfeiture action is an *in rem* proceeding brought by the government as plaintiff against defendant property asserting that '[a]ll right, title, and interest in [the defendant] property' has vested in 'the United States upon commission of the act giving rise to forfeiture.'" *United States v. Dodge Caravan Grand SE/Sport Van, VIN # 1B4GP44G2YB7884560,* 387 F.3d 758, 760 (8th Cir.2004) (quoting Title 18, United States Code, Section 981(f)).  Civil Forfeiture is governed by the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub.L. No. 106–185, 114 Stat. 202, codified in part at Title 18, United States Code, Sections 981 and 983.  CAFRA "applies to forfeiture actions initiated after August 23, 2000." *United States v. Triplett*, 240 Fed.Appx. 736, 736 (8th Cir. 2007).  "Under CAFRA, the burden of proof is on the [g]overnment to establish, by a preponderance of the evidence, that the property is subject to forfeiture." *United States v. Real Prop. Located at 3234 Wash. Ave. N., Minneapolis, Minn.*, 480 F.3d 841, 843 (8th Cir. 2007) (citing Title 18, United States Code, Section 983(c)(1)) (internal quotation marks omitted).  "[I]f the [g]overnment's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the [g]overnment shall establish that there was a substantial connection between the property and the offense." Title 18, United States Code, Section 983(c)(3).

**FACTS**

8.  Please see the Affidavit of United States Secret Service, Special Agent, Albert Wood, attached hereto as Exhibit "A."  The attached Affidavit is incorporated herein as if word-for-word and made a part of this Complaint.  As such, the Affidavit is reincorporated here as if alleged herein and requires a responsive pleading to each separate averment contained therein.

## CLAIM FOR RELIEF

WHEREFORE the United States prays that the Defendant Property be forfeited to the United States, that the Plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: _____
Aaron L. Jennen
Assistant United States Attorney
Arkansas Bar 2004156
414 Parker Avenue
Fort Smith, AR 72901
Telephone: 479-783-5125
Email: Aaron.Jennen@usdoj.gov

## VERIFICATION

I, Albert Wood, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Secret Service, and that I have read the foregoing Verified Complaint In Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the United States Secret Service.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Dated this 10th day of February 2022.

Albert Wood
Special Agent
United States Secret Service